## WALKER & COMPANY, a Corporation, v. W. E. HOOPES.

(152 N. W. 666.)

Furnace — installation of — unfit materials used — improper work — counterclaim for damages — issue of fact arises upon — evidence offered — foundation was laid — proof of defects — its exclusion was error.

The issue of fact arises on a counterclaim for damages through unfit materials used and improper installation of a furnace. Defendant offered testimony tending to show that four years after the furnace was installed, when for the first time the asbestos covering over it was removed, it was found that the dome was cracked and broken. This was excluded, although sufficient foundation was laid from which the jury might have inferred therefrom that the furnace was cracked and in unfit condition when installed. Held:—

The exclusion of such testimony was error and was not cured or waived.

Opinion filed April 30, 1915.

From a judgment of the District Court of Foster County, *Coffey, J.*, defendant appeals.

Reversed and new trial granted.

*Geo. H. Stillman* and *T. F. McCue,* for appellant.

The remark of the court that "four years was about the life of a furnace heating plant," in the presence and hearing of the jury, was highly prejudicial to defendant's case under his counterclaim, and judicially improper in any event. Skelly v. Boland, 78 Ill. 438; Kane v. Kinnare, 69 Ill. App. 83; State v. Allen, 100 Iowa, 7, 69 N. W. 274; State v. Philpot, 97 Iowa, 365, 66 N. W. 730; Booren v. McWilliams, 26 N. D. 558, 145 N. W. 410.

A remark of a trial judge in the presence and hearing of the jury is equivalent to an instruction. State v. Stowell, 60 Iowa, 535, 15 N. W. 417; Minthon v. Lewis, 78 Iowa, 620, 43 N. W. 465; People v. Bonds, 1 Nev. 33; Shakman v. Potter, 98 Iowa, 66, 66 N. W. 1045; Valley Lumber Co. v. Smith, 71 Wis. 304, 5 Am. St. Rep. 216, 37 N. W. R. 412.

*Edward P. Kelly,* for respondent.

Proof of value must be of the time when property was delivered. Houghton Implement Co. v. Doughty, 14 N. D. 331, 104 N. W. 516.

A judge's expression of opinion on a matter of fact will not be intended to have misled the jury. Robinson v. Justice, 2 Penr. & W. 19, 21 Am. Dec. 407; Gordon v. Little, 8 Serg. & R. 533, 11 Am. Dec. 632; Kirkwood v. Gordon, 7 Rich. L. 474, 62 Am. Dec. 418; Phillips v. Kingfield, 19 Me. 375, 36 Am. Dec. 760; Matthews v. Allen, 16 Gray, 594, 77 Am. Dec. 430; Porter v. Seiler, 23 Pa. 424, 62 Am. Dec. 341; Jackson ex dem. Russell v. Rowland, 6 Wend. 666, 22 Am. Dec. 557; Fredericks v. Northern C. R. Co. 157 Pa. 103, 22 L.R.A. 306, 27 Atl. 689; Rollins Engine Co. v. Eastern Forge Co. 73 N. H. 92, 68 L.R.A. 441, 59 Atl. 382; Booren v. McWilliams, 26 N. D. 558, 145 N. W. 410.

Ruling out evidence as to facts upon which the witness has already testified, is not error. Abstract, p. 20, folio 59.

A tort cannot be set off against a contract. Braithwaite v. Aiken, 3 N. D. 365, 56 N. W. 133.

Goss, J. Action on a book account. One item was a charge for the furnishing and installation of a furnace in defendant's home in 1906. Defendant counterclaims for damages resulting from alleged unfit materials used and improper installation. Plaintiff recovered, and defendant appeals. The main issues center on the exclusion of testimony offered by defendant tending to prove that, when installed, the furnace had a cracked or broken dome or covering, through which smoke, dust, and soot were emitted to the pipes leading to the registers, and through them emptied into the house, to the discomfiture of the occupants. That the furnace was fully installed and covered with asbestos when defendant was absent; that it had always been unsatisfactory but with the cause therefor unknown. That defendant had complained to plaintiff about it without results; that in 1910, after the commencement of this suit, defendant had removed the furnace, and in so doing discovered the dome was cracked and evidently had been broken since installation. Evidence tending to establish all this was excluded, and error thereon is assigned. Defendant testified that when the furnace was to be removed in 1910, and after the asbestos had been removed, he "found that the inclosure over the fire box had a crack in it, a large one; that the dome or covering was cracked." Thereupon an exhibit and catalogue illustration of the identical furnace was offered in evidence, ex-

planatory of his and other testimony to be offered, together with further evidence of defective condition, but was all excluded. The mechanic who removed the asbestos covering was called and interrogated concerning the top and dome of the furnace as he found it, and he was allowed to partially describe it, when said testimony was stricken as "incompetent, irrelevant, and immaterial, too far removed from the installation of the heating plant, and relating to a time subsequent to the commencement of this action." This objection was consistently sustained to all similar testimony. There is no question but what a sufficient foundation was laid for the introduction of this testimony, if it was admissible, the record showing affirmatively facts from which the jury might well infer that any defective condition of the furnace disclosed on its being uncovered was the source of the troubles always had with it, and from which it could have been found that it was, when installed, broken and defective, and that such condition was unknown to defendant, who had relied upon plaintiff to install a proper furnace, instead of a defective and broken one. In the course of rulings upon this testimony, the court stated: "If you wish to offer proof at the time the furnace was put in there, probably it would be competent, but it would not be competent to prove its value by its condition four years afterwards." Thus, it seems that the rulings were had upon the theory that the lapse of time had prevented the proof of the condition of the furnace in 1910 to be any evidence of its defective condition when installed. Under the facts showing the condition in 1910 to have been but a condition which the jury could assume to have been continuous since the furnace was first installed, this amounted to the determination of a matter of fact material and relevant to the issues, and which should have been admitted for the consideration of the jury. The value of the furnace in 1910 was not in issue, nor was this evidence offered upon the question of value, so this basis for exclusion was erroneously assumed.

Counsel for respondent contends that, although the exclusion of this line of testimony was error, yet it is not prejudicial because defendant was permitted to testify that he found the furnace with a cracked dome or covering in 1910, and this testimony was not stricken, and that therefore the jury had the benefit of any inferences to be drawn from this line of testimony, even though the greater part of it was excluded. The answer to this is that the jury might well have concluded from the rul-

ings, excluding the offered proof and the court's comments thereon shown by the record, that it could draw no inferences as to the condition of the furnace in such respect when installed from its condition in 1910. Besides, defendant was entitled to the admission of the corroborating testimony of the mechanic as to such condition. It may have disregarded the defendant's testimony, or found the same to be contrary to fact, while, with the corroboration offered and rejected, it would have found the contrary, and, reasoning therefrom, have arrived at the opposite verdict to the one returned. The exclusion of the offered testimony was prejudicial error, and it cannot be said to have been cured or waived. Defendant was entitled to have this issue of fact decided. It constituted his chief defense, and the rulings operated to prejudice, if not wholly exclude its presentation to, the jury. The judgment appealed from is reversed and a new trial ordered.